UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGEL M. SEDA ,

                    Petitioner,          **DECISION AND ORDER**
                                         **No. 07-CV-6609 (VEB)**

          -vs-

JAMES CONWAY, Superintendent, Attica Corr. Fac.,
Department of Correctional Services,

                    Respondent.
_____

**I.      Introduction**

        Represented by counsel, Norman P. Effman, Esq., Angel Seda ("Seda" or "Petitioner")

has filed a motion for a certificate of appealability (Docket No. 20) with regard to this Court's

Decision and Order entered March 7, 2011 (Docket No. 18), denying Seda's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. In that Order, I held that because Seda had failed to

make a substantial showing of denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), a

certificate of appealability would not issue as to any of his claims.

**II.     Discussion**

        Seda is presently serving a sentence of an indeterminate term of imprisonment of 22 years

to life. He was convicted on charges of burglary in the second degree (N.Y. Penal Law §

140.25(2)) (one count) and attempted burglary in the second degree (N.Y. Penal Law §§ 110.00,

140.25(2)) (one count). The separate counts of the indictment involved accusations of two acts,

one a burglary of October 13, 2003, and the second, an attempted burglary on October 22,

2003. The October 13[th]burglary involved the home of a Buffalo Police Officer, whose tenant was

also a Buffalo Police Officer. He was adjudicated as a persistent felony offender under New York

Penal Law § 70.10, New York's much-challenged recidivist statute. He was originally sentenced

by former Erie County Supreme Court Justice Ronald Tills[1] to consecutive terms of 22 years to

life. That sentence was modified by the Appellate Division, Fourth Department, of New York

State Supreme Court, which ordered the two sentences to run concurrently instead of

consecutively. *People v. Seda*, 35 A.D.3d 1162 (App. Div. 4th Dept. 2006).

In a timely habeas petition pursuant to 28 U.S.C. § 2254, Seda–proceeding *pro se* at the

time–asserted that trial counsel had provided ineffective assistance by failing to request a

suppression hearing, failing to move for severance, failing to challenge the prosecutor's use of

peremptory challenges, failing to give an opening statement, erroneously admitting a tape-

recording of a 911 call into evidence, giving a deficient summation, and failing to challenge the

constitutionality of Seda's predicate felony convictions. Seda also argued that New York's

persistent felony offender statute, Penal Law § 70.10, is unconstitutional under the Sixth

Amendment as explicated by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny. Finally, Seda challenged the length of his

sentence, arguing that it was harsh and excessive and constituted an abuse of discretion.

During the pendency of the petition, Seda retained Attorney Effman, who submitted a

memorandum of law in support of Seda's habeas claims.

This Court considered the substance of all of Seda's arguments for habeas relief and

---

[1]	As the result of a Federal human-trafficking task force investigation, Tills was charged, along with several other members of the Royal Order of Jesters, with violating the Mann Act. He pleaded guilty in August 2009 to a felony violation of the Mann Act and admitted he recruited prostitutes for gatherings of the "Jesters".  Tills was sentenced to 18 months in prison. A former City of Lockport police captain and a former law clerk for Tills were sentenced to terms of probation after also taking guilty pleas in the case.

found the ineffective assistance of trial counsel claim and the *Apprendi* claim to be without merit, and the harsh-and-excessive sentence claim to be not cognizable on federal habeas review. Finding that Seda had not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), with regard to any of the claims, the Court declined to issue a certificate of appealability.

In his motion for a certificate of appealability (Docket No. 20), Seda argues that trial counsel's failure to challenge the constitutionality of Seda's predicate felony convictions "pertains not only to the argument of ineffective assistance of counsel, but also to the constitutional issue as to the legality of New York's statute in light of *Apprendi* and its progeny." Affidavit of Norman Effman, Esq. ("Effman Aff."), ¶11 (Docket No. 20). He concedes, "[t]hat issue would appear to have been resolved against Petitioner based on the *en banc* decision" of the Second Circuit in *Portalatin v. Graham*, 624 F.3d 69 (2d Cir. 2010), and the United States Supreme Court's denial of *certiorari* on March 21, 2011. *Id.*, ¶12 (Docket No. 20). He states that the issue of the constitutionality of New York State's persistent felony offender sentencing statute "is still potentially before the United States Supreme Court in that the Supreme Court has not yet determined an application for review of the New York State Court of Appeals decision in *People v. Battles*, 16 N Y 3rd [sic] 54." *Id.* (Docket No. 20).

In *Battles*, one person was burned to death and three others severely burned as a result of defendant having poured gasoline over several individuals and setting a fire. After a jury trial, defendant was convicted of depraved indifference murder (New York Penal Law ("P.L.") § 125.25(2)), second-degree manslaughter (P.L. § 125.15(1)), and three counts of depraved indifference assault (P.L.§ 120.10(3)). He was sentenced as a persistent felony offender to

concurrent sentences of 25 years to life on the depraved indifference murder and manslaughter convictions, to be followed by consecutive terms of 25 years to life on the depraved indifference assault convictions related to Gregory Davis and Wheeler, and a consecutive term of 20 years to life on the depraved indifference assault conviction related to Elliott, for an aggregate sentence of 95 years to life.

Defendant Battles appealed, asserting, among other claims, that the imposition of consecutive sentences was illegal because the victims were all burned in a fire that had a single source of ignition, that is, the crimes shared a common *actus reus.* Battles also argued that his sentencing as a persistent felony offender was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, in particular, *Cunningham v. California,* 549 U.S. 270 (2007*)*. The Appellate Division modified the judgment by vacating the conviction of second-degree manslaughter and the sentence imposed thereon, and otherwise affirmed. The Appellate Division further held that defendant's *Apprendi* claim was unpreserved and without merit. It rejected, without discussion, defendant's consecutive sentencing claim as without merit. *People v. Battles*, 65 A.D.3d 1161, 886 N.Y.S.2d 170 (App. Div. 2d Dept.2009)).

On appeal to the New York Court of Appeals, the majority held, without discussion, that Battles's challenge to the constitutionality of his sentencing as a persistent felony offender was without merit. *People v. Battles*, 16 N.Y.3d 54, 59 (N.Y. 2010) (citing *People v. Quinones,* 12 N.Y.3d 116, 879 N.Y.S.2d 1, 906 N.E.2d 1033 (N.Y. 2009); *People v. Bell*, 15 N.Y.3d 935, 915 N.Y.S.2d 208, 940 N.E.2d 913 (N.Y. 2010)).

As Attorney Effman points out, Chief Judge Jonathan Lippman wrote a blistering dissent

in the *Battles* cases, arguing that there is no material difference between the California recidivist

sentencing statute struck down by the United States Supreme Court in *Cunningham v. California*,

549 U.S. 270 (2007), and New York's persistent felony offender sentencing statute, Penal Law §

70.10.  Judge Lippman noted that the Court of Appeals' rationale for distinguishing Penal Law §

70.10 "has been the focus of extensive federal habeas litigation." *Id.* (citing  *Besser v. Walsh*, 601

F.3d 163 (2d Cir. 2010) (holding that the Court of Appeals' rationale was unreasonable

subsequent to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and,

accordingly, that the decisions in *People v. Rivera*, 5 N.Y.3d 61 (N.Y. 2005), and *Quinones*, 12

N.Y.3d 116, misapplied clearly established Supreme Court precedent). As Judge Lippman noted,

*Besser* "was shortlived", for after "en banc reconsideration, it was vacated by the Second Circuit

in a divided ruling, *Portalatin v. Graham*, 624 F.3d 69 (2d Cir. 2010)).  Judge Lippman read

*Portalatin* as "hardly plac[ing] a federal imprimatur upon [New York's] *Apprendi* jurisprudence"

given that "[i]t was decided under the extraordinarily deferential review standard applicable in

federal habeas proceedings pursuant to the Antiterrorism and Effective Death Penalty Act

(AEDPA) of 1996 (Pub. L. 104–132, 110 U.S. Stat.1214)). Judge Lippman pointed to the

following statement by the Second Circuit majority in *Portalatin*, which he described as a

"remarkable AEDPA caveat":

> [W]e decide not whether the state court correctly interpreted the doctrine of
> federal law on which the claim is predicated, but rather whether the state court's
> interpretation was unreasonable in light of the holdings of the United States
> Supreme Court at the time. *Policano v. Herbert*, 507 F.3d 111, 115 (2d Cir. 2007)

*Portalatin*, 624 F.3d at 79.

Judge Lippman opined that the New York Court of Appeals should take another look at

-5-

whether its interpretation of the controlling holdings of the United States Supreme Court has

been correct, and further stated that he did not believe New York's persistent felony offender

sentencing provisions could "ultimately survive constitutional scrutiny . . . ." *Id.*  Judge Lippman

concluded his dissent with these comments:

> There is for *Apprendi* purposes no material difference between the California DSL
> [Determinate Sentencing Law] [struck down in *Cunningham v. California,* 549
> U.S. 270 (2007)] and [New York's] persistent felony offender sentencing statutes.
> Nor is there any significant difference in the reasoning in our cases and that
> offered by the California Supreme Court . . . . While perhaps through some
> jurisprudential fluke our sentencing scheme will ultimately be spared the fate of
> the California DSL, I do not think it prudent to count on it.

*Battles*, 16 N.Y.3d at 67 (Lippman, C.J., dissenting). None of the other judges joined Judge

Lippman's dissent.

Defendant Battles filed a petition for a writ of *certiorari* with the United States Supreme

Court on March 10, 2011, as Seda's habeas counsel points out. On March 21, 2011, however, the

United States Supreme Court denied petitions for *certiorari* in *Portalatin v. Graham* and the

related Second Circuit appeals in which the petitioners challenged the constitutionality of New

York's persistent felony offender sentencing law in the context of habeas corpus proceedings

under 28 U.S.C. § 2254. Seda argues that since it is possible that the Supreme Court will grant

*certiorari* in Battles' case, the constitutionality of New York's persistent felony offender statute

is an open question.

I note that in 2009, the Supreme Court denied *certiorari* in a New York State appeal,

*People v. Quinones*, in which the defendant argued that New York's persistent felony offender

statute was unconstitutional in light of *Cunningham*'s explication of *Apprendi*.  However, there is

a subtle difference between *Quinones* and *Battles*. Judge Lippman did not take any part in the

*Quinones* decision. Presumably, he would have dissented as he did in *Battles*. Although no judges in *Quinones* dissented, and although no judge joined Judge Lippman's pointed and vehement dissent in *Battles*, it nevertheless suggests the possibility the Supreme Court might view *Battles* differently and agree to grant *certiorari*. If the Supreme Court were to do so, and were to side with defendant Battles on the unconstitutionality of the persistent felony offender statute, it raises the question of whether the Second Circuit might decide to revisit *Portalatin*.

   Although there are many contingencies in the above-described scenario, the standard for granting a certificate of appealability under 28 U.S.C. § 2253(c)(2) does not demand that the petitioner show that his appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).  As the Supreme Court and Second Circuit have held, "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. at 328; *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000) ("[T]he 'substantial showing' requirement for granting a COA is satisfied if the issues involved in a petition are debatable among jurists of reason, could be resolved in a different manner, or are adequate to deserve encouragement to proceed further.") (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983) (discussing certificate of probable cause)). In light of Judge Lippman's dissent in *Battles* and the pending petition for a writ of *certiorari* in that case, I conclude that Seda has met the "substantial showing" requirement with regard to his claim that his sentence under New York's persistent felony offender statute was unconstitutional.

   Turning to the other claims, Seda's habeas counsel urges "the trial record in this case

makes it absolutely clear that trial counsel had little or no knowledge of the persistent felony

offender statute and the Draconian impact it would have on sentencing." Effman Aff., ¶15

(Docket No. 20). He argues that "the cumulative effect of trial counsel's errors and/or omissions

are objectively unreasonable in light of prevailing professional standards of practice" and even

"presuming arguendo that Petitioner may still have been convicted, the failures as they relate to

the Persistent Felony Offender statute may very well have impacted on sentencing and, had they

not occurred, Petitioner would have received a far more favorable sentence." *Id.*, ¶16 (Docket

No. 20).[2]

Although Seda asserted in his memorandum of law in support of the petition that "the

trial record clearly demonstrates trial counsel's lack of  knowledge with New York's persistent

felony offender statute" because trial counsel made "no  challenge to the prior felony convictions

and no arguments with respect to whether or not those convictions were constitutionally

obtained[,]" Pet'r Reply Mem. at 5 (Docket No. 16), he did not explain the legal or factual bases

on which trial counsel should have challenged the constitutionality of the prior felony

convictions. I found that this was fatal to a showing that he was prejudiced by trial counsel's

decision in this regard.

In his motion for a certificate of appealability Seda's counsel still has not pointed to any

colorable arguments trial counsel could have made in support of an attack on the constitutionality

of the predicate felony convictions. Therefore, I am not convinced that a certificate of

appealability is warranted on this claim. I adhere to my original ruling with regard to Seda's

---

[2]     Seda does not appear to be seeking a certificate of appealability as to the claim that his sentence
was harsh and excessive, a claim which I found was not cognizable on federal habeas review.

ineffective assistance claim–he has not made a substantial showing of the denial of a constitutional right with regard to trial counsel's representation.[3]

Seda, of course, remains free to seek a certificate of appealability from the Second Circuit Court of Appeals with regard to the claims as to which this Court has denied a certificate of appealability. *See, e.g.*, *Soto v. United States*, 185 F.3d 48, 51 n. 3 (2d Cir.1999) ("We have previously interpreted 28 U.S.C. § 2253(c)(1) to allow district judges as well as circuit justices and circuit judges to issue certificates of appealability.") (citations omitted).

**III.    Conclusion**

For the foregoing reasons, Seda's motion for a certificate of appealability is granted with respect to his claim that he was sentenced as a persistent felony offender under New York Penal Law § 70.10 in violation of the Supreme Court's law concerning the Sixth Amendment's right to a jury trial, *e.g.*, *Apprendi* and *Cunningham*.

Seda's motion for a certificate of appealability is denied with respect to the remaining claims in the petition.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      April 8, 2011
            Rochester, New York

---

[3]      As Petitioner concedes, trial counsel did challenge the constitutionality of the persistent felony offender statute and sentencing procedure. Trial counsel opposed a finding that Seda should be sentenced as a persistent felony offender, arguing that Seda had only one prior violent felony, that the other prior felonies were of lower levels, and that there was no indication that Petitioner had used weapons or inflicted injuries on innocent victims in the past. Trial counsel also argued that rehabilitation and treatment rather extended incarceration was more appropriate given Petitioner's drug and alcohol addictions. Petitioner has not established the existence of other mitigating factors which should have been brought to the sentencing court's attention.